358

Jacob **TEDROW** and Aileen
Tedrow, Plaintiffs,

v.

**BOEING EMPLOYEES CREDIT
UNION, et al., Defendants.**

**CASE NO. C15-1138-JCC**

United States District Court,
W.D. Washington,
At Seattle.

Signed May 20, 2016

Christopher E Green, Christopher E. Green, Attorney at Law, Seattle, WA, for Plaintiffs.

John David Du Wors, Jason Bernstein, Keith P Scully, Newman & Du Wors LLP, Laurin Shirley Schweet, Binah B. Yeung, Schweet Linde & Coulson PLLC, J. Will Eidson, Rachel L. Dunnington, Stoel Rives, Seattle, WA, Douglas L Clark, Jones Day, San Diego, CA, for Defendants.

**ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL IN
PART**

John C. Coughenour, UNITED STATES DISTRICT JUDGE

This matter comes before the Court on Plaintiff's Motion to Compel numerous discovery responses (Dkt. No. 39), Defendants' Opposition (Dkt. No. 42), and Plaintiff's Reply (Dkt. No. 49). Having thoroughly consid-

ered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion in part for the reasons explained herein.

## I. BACKGROUND

Plaintiffs bring this case under the Fair Credit Reporting Act ("FCRA"). Plaintiffs claim that they took out a car loan in July 2009 from Defendant Boeing Employees' Credit Union ("BECU") and, at the same time, refinanced another loan. (Dkt. No. 1 at 3–4.) Plaintiffs assert that, despite following Defendant BECU's recommended practice of making car payments via an automatic withdrawal, Defendant BECU claimed that Plaintiffs were late on their loan payments. (*Id.* at 4.) The allegedly inaccurate reporting, shared with credit agencies, negatively impacted Plaintiffs' credit scores and credit worthiness. (*Id.* at 5.) Despite the disputed nature of the late payments, Defendants Experian, Trans Union, and Equifax ("credit reporting bureau defendants") did not mark the information as disputed. (*Id.* at 7.) As a result, Plaintiffs allege that they received derogatory marks on their credit scores and sue for damages. (Dkt. No. 1.)

The present discovery dispute relates only to Defendant BECU. (Dkt. No. 39.) Plaintiffs claim that BECU has not appropriately responded to several discovery requests and move to compel "full, verified responses" to their interrogatories 6, 7, 9, 11–21, and 24; requests for production 4, 6, 7, 9–11, 17–21, 23, and 26–29; and requests for admission 1, 2, 55, 56, 59, 61, and 66. (Dkt. No. 39 at 1–2.) Plaintiffs indicate that BECU has failed to meaningfully respond to discovery requests related to its affirmative defenses, failed to specifically identify documents, made boilerplate responses and objections, and refused to provide documents either by claiming to "search" for them or promising to provide them and failing to follow through. (*Id.* at 6.) BECU opposes the motion and indicates that it has responded to discovery and Plaintiffs "disliking an answer does not justify a motion to compel." (Dkt. No. 42 at 2.) On April 1, 2016, BECU supplemented its discovery responses and Plaintiffs acknowledge that several disputes were resolved. (Dkt. No. 49

at 5.) Specifically, the Requests for Admission were all answered, Request for Production No. 21 was answered, and it appears that Interrogatories 11 and 14 were answered to Plaintiffs' satisfaction. (*Id.*)

## II. DISCUSSION

### A. Standard of Review

The Federal Rules of Civil Procedure favor broad pre-trial discovery. *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993). Courts have broad discretion to control discovery. *See Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir.2011). If no claim of privilege applies, parties may obtain discovery of any information that is "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir.2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.1992)).

Discovery should be limited, however, where its "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, the party seeking discovery has had ample opportunity to obtain the information," or the materials sought are outside the scope of permissible discovery." Fed. R. Civ. P. 26(b)(2)(C). However, it is the objecting party's burden to establish when limiting discovery is appropriate. *See* Fed. R. Civ. P. 34(b)(2)(B),(C). The Federal Rules strongly encourage parties to resolve discovery disputes privately and discourage them from seeking needless court intervention.

### B. Disputed Discovery Requests

Upon review, the Court finds that most—though not all—of BECU's objections are meritless. BECU makes vague objections to Plaintiffs' requests for relevant discovery. BECU responded to several interrogatories in an unhelpful manner including by making statements such as, "BECU responds that

this information, to the extent it exists, can be found in the documents produced in response to these discovery requests" without further specificity or direction. (Dkt. No. 50 at 6). And BECU then shifts the burden by criticizing Plaintiffs for their method of summarizing in their motion. (Dkt. No. 42 at 4–5.) Finally, it does not appear that BECU has made good faith efforts to participate in Rule 37 conferences with opposing counsel. (Dkt. No. 40 at 5–17.)

### 1. Interrogatories

Of the interrogatories raised by Plaintiffs' original motion, they indicate that Interrogatories 4, 5, 6, 7, 9, 12, 13, 15–19, 21, and 24 remain in dispute. (Dkt. No. 49 at 5–6.) Under Fed. R. Civ. P. 33, BECU must respond to Plaintiffs' interrogatories, object with specificity, or establish that the burden of producing records would be the same as making them available to Plaintiffs for examination. Where a responding party offers to make records available for examination, the party must identify and locate those records. Fed. R. Civ. P. 33(d).

Upon review of BECU's initial and supplemental discovery responses, the Court finds as follows:

- **Interrogatory 4**, seeking documents that provide BECU's policies and procedures for listing debts as disputed, pertains to relevant and discoverable material. Plaintiffs bring this motion despite BECU's promise that "it will produce" this information, leading the Court to believe that BECU has failed to live up to its assurances. (Dkt. No. 40 at 21.) BECU is ordered to respond fully to this Interrogatory.

- **Interrogatory 5**, seeking information about codes used in reporting information about the Plaintiffs "in detail," has not been satisfactorily answered. BECU is ordered to supplement its response to include "the code you used and in which field it was used and the meaning of it." (Dkt. No. 40 at 21.)

- BECU's response to **Interrogatory 6** does not sufficiently identify the location of the information sought. (Dkt. No. 40 at 21; Dkt. No. 50 at 6.) BECU is ordered to answer in good faith and in compliance with Fed. R. Civ. P. 33(d).

- While it appears that BECU has identified all of the recordings of Plaintiffs in response to **Interrogatory 7**, it has not established that its burden of production equals Plaintiffs' such that inspection is sufficient under Fed. R. Civ. P. 33(d). (Dkt. No. 40 at 21; Dkt. No. 42 at 8.) If BECU has not, as it indicates it has, produced the recordings, it is now ordered to do so.

- **Interrogatory 9** pertains to discoverable information as Plaintiffs aim to prove willful non-compliance with FCRA and seek punitive damages; evidence of other consumer complaints based on the same conduct is relevant and proportional. (Dkt. No. 40 at 22.) BECU's objection is overruled and it is hereby ordered to produce the information sought.

- While BECU has supplemented its response to **Interrogatory 12**, importantly, it must be more specific about its affirmative defense that "Plaintiffs' damages are the result of acts or omissions committed by other parties over whom BECU has no responsibility or control." (Dkt. No. 50 at 7.) Solely with respect to this portion of its response, BECU is ordered to specify whether the "other parties" it references are limited to Experian, Trans Union, and Equifax. (*Id.*)

- **Interrogatory 13**, like Interrogatory 9, relates to discoverable information and BECU's objections to responding are overruled.

- BECU substantially supplemented its responses to Interrogatories **15–19**. (Dkt. No. 50 at 8–11.) However, BECU has continued to avoid producing information pertaining to a central issue of the case: whether or when it marked the Plaintiffs' debt as in dispute. BECU is ordered to produce complete answers to these interrogatories.

- With respect to **Interrogatory 21**, the Court finds that BECU has answered this interrogatory. Particularly given Plaintiffs' lack of explanation for the

continued dispute over this request, the Court upholds BECU's objection.

- **Interrogatory 24** pertains to discoverable evidence and Plaintiffs request Court intervention despite BECU's assertion that it "continues to search" for proper records. (Dkt. No. 40 at 27.) BECU is ordered to respond fully to this Interrogatory.

### 2. Requests for Production

■ Plaintiffs indicate the Requests for Production Nos. 6, 9, 11, 18, 19, 23, 27, 28, and 29 are still in dispute. (Dkt. No. 49 at 5–6.) Under the federal rules, any objections to producing requested discovery must state whether materials are being withheld on the basis of that objections. Fed. R. Civ. P. 34(b)(2)(C). Objections must specify the scope of the objection and permit inspection of the non-objected to materials. *Id.*

Upon review of BECU's initial and supplemental discovery responses, the Court finds as follows:

- In both its original and supplemented responses to **RFP 6**, BECU indicates simply that it will produce the relevant and non-privileged documents responsive to the request. (Dkt. No. 40 at 29; Dkt. No. 50 at 12.) This is not a specific-enough response under Rule 34. BECU is ordered to either produce the communication records entirely, or specify the nature of its objection and produce the remainder of the documents.

- BECU's objection to **RFP 9** as overly broad is overruled. With respect to BECU's promise to produce "relevant and non-privileged policy manuals," the Court finds in a manner similar to FRP 6 that BECU must either be more specific in identifying objected-to materials, or produce the policy manuals in their entirety. (Dkt. No. 50 at 13.)

- The Court finds BECU's objection to **RFP 11** valid. (Dkt. No. 50 at 13.) Plaintiffs have not presented argument in their reply brief as to why specific information regarding BECU's recording system is reasonably calculated to lead to the discovery of admissible evidence.

(*See* Dkt. No. 49 at 6.) BECU has made argument about the burden of production in this instance.

- With respect to BECU's promise to produce "relevant and non-privileged documents," in its supplemented response to **RFP 18**, the Court finds in a manner similar to FRP 6 that BECU must either be more specific in identifying objected-to materials, or produce the policy manuals in their entirety.

- The Court upholds BECU's objections to **RFP 19**, particularly as Plaintiffs have not explained the basis of their renewed motion with respect to this request. (Dkt. No. 50 at 14; Dkt. No. 49 at 6.)

- BECU is ordered to respond to **RFP 23** to the extent that it possesses documents relating to its affirmative defense that "Plaintiffs' damages are the result of acts or omissions committed by other parties over whom BECU has no responsibility or control." The Court agrees, in all other respects, that Plaintiffs' request is overly vague and ambiguous.

- **RFPs 27–29** pertain to discoverable information given that Plaintiffs aim to prove willful non-compliance with FCRA and seek punitive damages; evidence of other consumer complaints based on the same conduct is relevant. (Dkt. No. 40 at 35–36.) With respect to RFP 27, Plaintiffs indicate that they have already received some information from the Attorney General and will work with BECU so as to keep their requests proportional. (Dkt. No. 49 at 6.) With respect to RFPs 28 and 29, BECU's objection that the requests present an undue burden is well taken. Plaintiffs are expected to work with BECU to narrow the scope of RFPs 28 and 29.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel (Dkt. No. 39) is GRANTED in part.